UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| BOARD OF TRUSTEES, SHEET METAL WORKERS' NATIONAL PENSION FUND, et al., Plaintiffs, | ) ) ) ) ) ) | |
| v. | ) ) | Civil No. 1:17-cv-518 |
| MW MECHANICAL, INC., et al. Defendants. | ) ) ) | |

REPORT AND RECOMMENDATION

This matter comes before the Court on Plaintiffs' Amended Motion for Default Judgment (Dkt. 18). When no representative for Defendants appeared at the hearing on September 15, 2017, the undersigned Magistrate Judge took the matter under advisement to issue this Report and Recommendation.[1]

I. INTRODUCTION

A. Background

Plaintiffs are the Board of Trustees of the Sheet Metal Workers' National Pension Fund ("NPF"), the Board of Trustees of the International Training Institute for the Sheet Metal and Air Conditioning Industry ("ITI"), the Board of Trustees of the National Energy Management Institute Committee ("NEMIC"), the

---

1. The record before the Court includes the Amended Complaint (Dkt. 5) ("Am. Compl."), Plaintiffs' Amended Motion for Default Judgment Pursuant to Fed. R. Civ. P. 55(b) (Dkt. 18) ("Am. Mot. Default J."), the Memorandum of Points and Authorities in Support of Plaintiffs' Motion for Default Judgment (Dkt. 14) ("Mem. Supp."), the Declaration of Kenneth Anderson, Jr. (Dkt. 15) ("Anderson Decl."), the Declaration of Christopher M. Leins (Dkt. 16) ("Leins Decl."), and all attachments and exhibits submitted with those filings.

1

Board of Trustees of the Sheet Metal Occupational Health Institute Trust Fund ("SMOHIT"), and the Board of Trustees of the National Stabilization Agreement of the Sheet Metal Industry Trust Fund ("SASMI") (collectively "Plaintiffs" or "Funds"). Plaintiffs are trust funds established and maintained under 29 U.S.C. § 186(c). (Am. Compl. ¶¶ 5-6.) Plaintiffs NPF, ITI, and SASMI (collectively "ERISA Funds") are also multiemployer plans and employee welfare benefit plans within the meaning of 29 U.S.C § 1002. (Am. Compl. ¶ 5.)

Defendants are Michael Wood ("Mr. Wood") and MW Mechanical, Inc. ("MW Mechanical") (collectively "Defendants"). Mr. Wood is registered as the chief executive officer of MW Mechanical, holds himself out as the president of MW Mechanical, and is the sole or majority owner of MW Mechanical. (Am. Compl. ¶¶ 10-12.) MW Mechanical is a New York corporation and an employer in an industry affecting commerce. (Am. Compl. ¶¶ 7-8.) At times relevant to this action, MW Mechanical was a party to a collective bargaining agreement with Local Union No. 28 of the International Association of Sheet Metal, Air, Rail and Transportation Workers. (Am. Compl. ¶¶ 15-16; Mem. Supp. at 3; Anderson Decl. ¶ 2.) MW Mechanical agreed to abide by the terms of the agreements and declarations of trust ("Trust Agreements") establishing the Funds. (Am. Compl. ¶ 17; Anderson Decl. ¶ 2.)

Plaintiffs filed this action under Sections 502 and 515 of

2

the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132 and 1145, and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, which govern suits among parties to enforce provisions of their collective bargaining agreements. (Am. Compl. ¶ 1; Am. Mot. Default J. ¶ 2; Mem. Supp. 1-2.) They seek unpaid contributions, liquidated damages, interest, and attorneys' fees and costs pursuant to ERISA, LMRA, and the collective bargaining agreement. (Am. Compl. ¶¶ 23-25, 35-36; Am. Mot. Default J. ¶¶ 2, 5-8; Mem. Supp. at 5-6, 8.)

### B. Jurisdiction and Venue

Jurisdiction and venue over ERISA and LMRA cases such as this are conferred upon the Court by 29 U.S.C. §§ 1132, 1145, and 185. Under Sections 502 and 515 of ERISA, an action may be brought in any district court of the United States in which the relevant benefit plan is administered, where the alleged breach took place, or where a defendant resides or may be found. 29 U.S.C. § 1132(e)(2). Furthermore, under Section 301 of LMRA, a suit for breach of contract between an employer and a labor organization representing employees in an industry affecting commerce may be brought in federal district court, regardless of the amount in controversy or citizenship of the parties. 29 U.S.C. § 185(a). In this case, jurisdiction and venue are proper because each of the Funds is administered in this District. (Am.

3

Compl. ¶ 3.)

This Court has personal jurisdiction over Defendants pursuant to the decision in <u>Board of Trustees, Sheet Metal Workers' National Pension Fund v. McD Metals, Inc.</u>, 964 F. Supp. 1040, 1045 (E.D. Va. 1997). Defendants do business with Plaintiffs that is sufficient to create personal jurisdiction over each Defendant in this district, and a substantial part of the events or omissions giving rise to the claim occurred from transactions with Plaintiffs' office in this district. (Am. Compl. ¶ 4; Mem. Supp. at 2; Anderson Decl. ¶¶ 3-6.)

### C. Service of Process

On May 31, 2017, Plaintiffs' private process server served Defendants by delivering a copy of the Complaint and Summons to Mr. Wood, who is authorized to accept service of process on behalf of MW Mechanical, at 80 East Industry Court, Deer Park, New York 11729. (Aff. Serv. (Dkt. 10).) Therefore, service was proper under Federal Rules of Civil Procedure 4(e) and 4(h) and under 29 U.S.C. § 1132(e)(2), which provides that process may be served in any district where a defendant resides or may be found.

### D. Grounds for Default Judgment

Defendants have not appeared, answered, or otherwise filed any responsive pleadings in this case. On June 27, 2017, the Clerk of this Court entered default pursuant to Plaintiffs'

4

Request for Entry of Default (Dkt. 11) and Federal Rule of Civil Procedure 55(a). (Entry Default (Dkt. 12).) On August 10, 2017, Plaintiffs filed their Motion for Default Judgment (Dkt. 13) and then filed their Amended Motion for Default Judgment (Dkt. 18).

## II. FINDINGS

Based on the Amended Complaint, Plaintiffs' Amended Motion for Default Judgment and the supporting Memorandum, the Declaration of Kenneth Anderson, Jr., the Declaration of Christopher M. Leins, and the documents submitted in proof of damages and attorneys' fees, the undersigned makes the following findings of fact.

MW Mechanical is a New York corporation with an office in Deer Park, New York. (Am. Compl. ¶ 8.) MW Mechanical is an employer in an industry affecting commerce within the meaning of ERISA and LMRA. (Am. Compl. ¶ 7.) MW Mechanical owes certain obligations to plaintiffs pursuant to the collective bargaining agreement with Local Union No. 28 of the International Association of Sheet Metal, Air, Rail and Transportation Workers, and the Trust Agreements of the Funds (collectively "the Agreements") to which MW Mechanical is accordingly bound. (Am. Compl. ¶¶ 15-17; Mem. Supp. at 3; Anderson Decl. ¶ 2.)

The Agreements require MW Mechanical to pay monthly contributions to the Funds for time worked or paid to covered employees. (Am. Compl. ¶ 18; Anderson Decl. ¶ 4.) MW Mechanical

5

must also submit monthly remittance reports that detail all employees or work for which contributions to the Funds were required. (Am. Compl. ¶ 18; Anderson Decl. ¶ 4.) The completed remittance reports and accompanying contributions must be submitted to the Funds by no later than the twentieth day after the end of each calendar month for hours worked in that month and are delinquent if received thereafter. (Am. Compl. ¶ 19; Anderson Decl. ¶ 4.)

Mr. Wood is the chief executive officer of MW Mechanical, holds himself out as the president of MW Mechanical, and is the sole or majority owner of MW Mechanical. (Am. Compl. ¶¶ 10-12.) Mr. Wood made decisions on behalf of MW Mechanical not to pay the contributions that were owed to the ERISA Funds, therefore exercising authority and control over the ERISA Funds' assets. (Am. Compl. ¶ 29.)

According to the Funds' records, at the time the Complaint was filed, defendant had failed to remit its contributions for the period of May 2016 through October 2015. (Anderson Decl. ¶ 6.) Therefore, pursuant to the Agreements and Section 502(g)(2) of ERISA, Plaintiffs are entitled to recover delinquent contributions, interest, liquidated damages, and attorneys' fees and costs.

### A. Contributions and Fees

Under ERISA, LMRA, and the Agreements, the Funds may

recover the following: (1) the full amount of unpaid contributions; (2) interest on unpaid contributions calculated at the rate of 0.0233% per day, compounded daily; (3) liquidated damages in an amount equal to the greater of (i) interest on all delinquent contributions, or (ii) 20% of the contributions that were unpaid on the date the lawsuit was filed, or which became delinquent subsequent to filing of the lawsuit; and (4) reasonable attorneys' fees and costs incurred by the Funds in pursuing the delinquent amounts. (Am. Compl. ¶¶ 23; Mem. Supp. 3-4; Anderson Decl. ¶¶ 7-9.)

The amounts now due are summarized as follows:

| Fund | Contributions | Interest[2] | Liquidated Damages | Total |
|---|---|---|---|---|
| NPF | $33,610.33 | $2,577.25 | $6,722.07 | $42,909.65 |
| ITI | $260.53 | $19.99 | $52.11 | $322.63 |
| NEMIC | $65.13 | $5.00 | $13.02 | $83.15 |
| SMOHIT | $43.42 | $3.34 | $8.69 | $55.45 |
| SASMI | $6,048.91 | $464.03 | $1,209.78 | $7,722.73 |
| Total | $40,028.32 | $3,069.61 | $8,005.67 | $51,103.60 |

(Am. Compl. ¶ 24; Am. Mot. Default J. ¶ 5; Mem. Supp. 3-4, 6; Anderson Decl. ¶¶ 6, 8-9, Ex. 3.)

MW Mechanical is liable as an employer for the amounts due to the Funds, pursuant to the Agreements, Sections 502(g)(2) and 515 of ERISA, and Section 301 of LMRA. MW Mechanical and Mr.

---

2. Interest was calculated through August 10, 2017.

7

Wood are liable as co-fiduciaries for the amounts due to the ERISA Funds, pursuant to Sections 3(9), 3(21)(A), 404(a)(1)(A), and 409 of ERISA. Co-fiduciaries are jointly and severally liable under Section 409(a) of ERISA. See <u>Davidson v. Cook</u>, 567 F. Supp. 225, 240 (E.D. Va. 1983). Therefore, out of the $51,103.60 owed to the Funds, MW Mechanical and Mr. Wood are jointly and severally liable for the $50,965.00 owed to NPF, ITI, and SASMI, as the ERISA Funds. Only MW Mechanical is liable for the $138.60 owed to NEMIC and SMOHIT, as the non-ERISA Funds.

### B. Attorneys' Fees and Costs

Plaintiffs also request attorneys' fees and costs in the amount of $7,824.22. (Mot. Default J. ¶ 8; Mem. Supp. at 4, 6, 8-9; Leins Decl. ¶¶ 5-7, Ex. 1.) This amount is based on $6,863.00 in attorneys' fees, which is comprised of 2.4 hours of labor by attorney Marc H. Rifkind at the hourly rate of $290.00, 12.3 hours of labor by attorneys Christopher M. Leins and Richard S. Siegel at the hourly rate of $255.00, and 20.9 hours of labor by legal assistants Clay M. Goode and Molly A. O'Connor at the hourly rate of $145.00. (Leins Decl. ¶ 5, Ex. 1.) The above total also includes $961.22 in costs. (Leins Decl. 6, Ex. 1.) In support of this request, Plaintiffs have submitted an itemized chart of the legal services performed. (Leins Decl. Ex. 1.)

The undersigned finds that the amounts submitted are reasonable compensation for work necessarily expended to enforce Plaintiffs' rights. If further action is required to enforce and collect this judgment, Plaintiffs may apply to this Court or to the court in which enforcement is sought for reasonable attorneys' fees and costs in addition to those set out in this Report and Recommendation.

## III. RECOMMENDATION

The undersigned recommends that default judgment should be entered against Defendants in favor of Plaintiffs. The undersigned recommends that Plaintiffs should recover $138.60 from MW Mechanical and $50,965.00 from either MW Mechanical or Mr. Wood. The total recovery results in $51,103.60, consisting of $40,028.82 in unpaid contributions, $3,069.61 in interest calculated at the rate of 0.0233% per day, compounded daily, through August 10, 2017, and $8,005.67 in liquidated damages.

Furthermore, the undersigned recommends that Plaintiffs should recover $7,824.22 in attorneys' fees and costs from Defendants.

IV. NOTICE

The parties are advised that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of its service. Failure to object to this Report and Recommendation waives appellate review of any judgment based on it.

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record and to Defendants at the following addresses:

    MW Mechanical, Inc.
    80 East Industry Ct.
    Deer Park, NY 11729

    Michael Wood
    80 East Industry Ct.
    Deer Park, NY 11729

/s/
Theresa Carroll Buchanan
United States Magistrate Judge

THERESA CARROLL BUCHANAN
UNITED STATES MAGISTRATE JUDGE

September 20, 2017
Alexandria, Virginia